UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:22-cv-146

**KIMBERLY HARBIN,**

    *Plaintiff,*

  v.

**PICK FIVE IMPORTS, INC.
d/b/a MAXI-MATIC.,**

    *Defendant.*

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff, **KIMBERLY HARBIN** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HOWARD, STALLINGS, FROM, ATKINS, ANGELL & DAVIS, P.A.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **PICK FIVE IMPORTS, INC. d/b/a MAXI-MATIC**, (hereafter referred to as "Defendant Maxi-Matic"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a 6-Quart Digital Pressure Cooker, Model No. K41143/EPC-678 (hereafter generally referred to as "pressure cooker(s)").

1

2. Defendant Maxi-Matic touts the "safety" of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit.

4. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF KIMBERLY HARBIN

7. Plaintiff Kimberly Harbin is a resident and citizen of the city of Canton, County of Haywood, State of North Carolina, and was born on March 21, 1963.

8. On or about September 8, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated, removed, and/or opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety" features which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT CK FIVE IMPORTS, INC. d/b/a MAXI-MATIC

9. Defendant Maxi-Matic designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

10. Defendant Maxi-Matic is a California corporation, with is principal place of business and registered service address at 18401 Arenth Avenue, STE. B, City of Industry, California 91748.

11. At all times relevant, Defendant Maxi-Matic substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of North Carolina and intentionally avails itself of the markets within North Carolina through the promotion, sale, marketing, and distribution of their products.

## FACTUAL BACKGROUND

15. Defendant Maxi-Matic is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

16. Defendant Maxi-Matic aggressively warrants, markets, advertises and sells its pressure cookers as "advanced technology" allowing consumers to cook "faster and healthier."

17. According to the Owner's Manual accompanying each individual unit sold, the pressure cookers purport to be designed with a "safety feature"and that prevents the lid from opening until all pressure is released; misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

18. By reason of the forgoing acts or omissions, the Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

19. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendants.

20. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that they failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

21. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

22. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

23. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

24. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant

continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers.

25. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

26. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Products Liability Inadequate Warning or Instruction**
**N.C. Gen. Stat. § 99B-1, et seq.**

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding and succeeding paragraphs as though fully set forth herein.

28. Plaintiff is a "claimant" as the term is defined by N.C. Gen. Stat. § 99B-1(1).

29. Defendant designs and manufactures the pressure cooker at issue in this case and is therefore a "manufacturer" as the term is defined by N.C. Gen. Stat. § 99B-1(2).

30. Defendant distributes and sells the pressure cooker at issue in this case and is therefore a "seller" as the term is defined by N.C. Gen. Stat. § 99B-1(3).

31. At all relevant times, when Defendant designed, manufactured, and sold the subject pressure cooker, Defendant knew or should have known that the lid of the pressure cooker could explosively separate from the unit and/or be opened prematurely while the unit retained pressure.

32. Plaintiff was not aware of the risk that the subject pressure cooker would spontaneously explode, nor was the risk open, obvious, or a matter of common knowledge to consumers.

33. At the time the subject pressure cooker left Defendant's control, it did not contain adequate warnings or instructions.

34. Defendant acted unreasonably in failing to provide any warnings or instructions about the risk that the subject pressure cooker could spontaneously explode and/or be opened prematurely.

35. The lack of adequate warnings and instructions created an unreasonably dangerous condition that Defendant knew, or in the exercise of ordinary care, should have known, posed a substantial risk of harm to Plaintiff, who is a reasonably foreseeable claimant.

36. Alternatively, on information and belief, after the subject pressure cooker left Defendant's control, Defendant became aware of the fact, or in the exercise of ordinary care should have known, that the subject pressure cooker posed a substantial risk of harm to Plaintiff, a reasonably foreseeable claimant, and failed to give adequate warnings or

instructions, or to take other reasonable actions under the circumstances, including, but not limited to, recalling the subject pressure cooker.

37. As a proximate result of Defendant's failure to provide adequate warnings and instructions, Plaintiff suffered significant bodily injury when the subject pressure cooker spontaneously exploded.

## SECOND CAUSE OF ACTION
### Products Liability – Inadequate Design or Formulation
### N.C. Gen. Stat. § 99B-1, et seq.

38. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding and succeeding paragraphs as though fully set forth herein.

39. Plaintiff is a "claimant" as the term is defined by N.C. Gen. Stat. § 99B-1(1).

40. Defendant designs and manufactures the pressure cooker at issue in this case and therefore is a "manufacturer" as the term is defined by N.C. Gen. Stat. § 99B-1(2).

41. Defendant distributes and sells the pressure cooker at issue in this case and therefore is a "seller" as the term is defined by N.C. Gen. Stat. § 99B-1(3).

42. At the time that Defendant designed and manufactured the subject pressure cooker, Defendant acted unreasonably in manufacturing the subject pressure cooker, and the subject pressure cooker was defective.

43. Plaintiff put the subject pressure cooker to its ordinary use and, without any warning, the subject pressure cooker exploded, causing severe bodily injuries.

44. The incident was the result of a design flaw with the lid that allowed it to be prematurely opened while the unit retained pressure.

45. At the time the subject pressure cooker left Defendant's control, Defendant unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could then have been reasonably adopted, and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product.

46. At the time the subject pressure cooker left Defendant's control, the design or formulation of the product was so unreasonable that a reasonable person, aware of the relevant facts, would not use a product of this design.

47. With respect to the subject pressure cooker, no unusual conditions were present that would have caused a spontaneous explosion, absent a flawed design in the lid and its locking mechanism.

48. The subject pressure cooker was a dangerous instrumentality or substance.

49. As a result, Defendant had a duty to exercise the highest or utmost caution, commensurate with the risk of serious harm posed by the possibility that the subject pressure cooker might explode, including performing reasonable tests and inspections to discover latent hazards.

50. At the very least, Defendant had a duty to take reasonable care in the design and manufacture of the subject pressure cooker.

51. As a proximate result of the inadequate design of the subject pressure cooker and Defendant's unreasonable acts as described herein, the subject pressure cooker failed catastrophically during its foreseeable and intended use, which caused it to explode, resulting in significant bodily injury to Plaintiff.

9

## THIRD CAUSE OF ACTION
## Common Law Negligence

52. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding and succeeding paragraphs as though fully set forth herein.

53. The subject pressure cooker was a dangerous instrumentality or substance.

54. As a result, Defendant had a duty to exercise the highest or utmost caution, commensurate with the risk of serious harm related to the possibility that the subject pressure cooker might suffer a catastrophic failure, including performing reasonable tests and inspections to discover latent hazards.

55. At the very least, Defendant owed Plaintiff a duty to use reasonable care throughout the design, manufacturing, and/or sale of the subject pressure cooker, including ensuring that the subject pressure cooker was free of any potentially dangerous manufacturing defects.

56. Defendant breached its duty to Plaintiff. Defendant was negligent, careless, and reckless in the manufacture, design and/or sale of the subject pressure cooker in at least the following ways:

   a. Unreasonably failing to implement appropriate processes, procedures, and systems throughout the manufacture of its pressure cookers;

   b. Failing to provide adequate warnings about the risk that the subject pressure cooker would fail and spontaneously explode, causing severe bodily harm;

10

c.  Failing to ensure that consumers, including Plaintiff, received adequate warnings about the risk that the subject pressure cooker would fail and spontaneously explode, causing severe bodily harm;

d.  Failing to provide adequate instructions for the proper handling and use of the subject pressure cooker; and/or

e.  Failing to recall the subject pressure cooker.

57. As the actual and proximate result of Defendant's conduct, Plaintiff suffered significant bodily injury.

## FOURTH CAUSE OF ACTION
### Breach of Implied Warrant of Fitness for a Particular Purpose

58. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding and succeeding paragraphs as though fully set forth herein.

59. Defendant manufactured, supplied, and sold its Pressure Cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

60. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

61. Defendant's Pressure Cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

62. The Plaintiff in this case reasonably relied on Defendant's representations that its Pressure Cookers were a quick, effective and safe means of cooking.

11

63. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

64. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages according to proof, and to the extent applicable by law.

## FIFTH CAUSE OF ACTION
### Breach of Implied Warrant of Merchantability

65. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding and succeeding paragraphs as though fully set forth herein.

66. At the time Defendant marketed, distributed and sold its Pressure Cookers to the Plaintiff in this case, Defendant warranted that its Pressure Cookers were merchantable and fit for the ordinary purposes for which they were intended.

67. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

68. Defendant's Pressure Cookers were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

69. Plaintiff purchased her Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that they were safe for its intended, foreseeable use of cooking.

70. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

71. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages according to proof, and to the extent applicable by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including exemplary damages if applicable, to which she is entitled by law, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

1. Judgment for Plaintiff and against Defendant;

2. Damages in an amount in excess of $75,000.00 to compensate Plaintiff for her injuries, economic losses, and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

3. That costs of this action be taxed against the Defendant;

4. That Plaintiff receive prejudgment interest from Defendant as of the date of filing of the Original Complaint, pursuant to N.C.G.S. § 24-5(b);

5. That Plaintiff recover punitive damages if it can be shown that Defendant acted fraudulently, with malice, or that their conduct was willful or wanton;

6. A trial by jury on all issues of the case;

7. An award of attorneys' fees; and

8. For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

## **JURY DEMAND**

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

*[signature page to follow]*

DATED this 26th day of July, 2022.

**HOWARD, STALLINGS, FROM, ATKINS, ANGELL & DAVIS, P.A.**

*/s/ Robert H. Jessup, Esq.*
Robert H. Jessup, Esq. (N.C. Bar No. 42945)
Post Office Box 12347
Raleigh, NC 27605
(919) 821-7700
(919) 821-7703 (fax)
rjessup@hsfh.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
Anna Rick, Esq. (MN # 0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
(612) 436-1800
(612) 436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***